UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAUL WESTMORELAND,

    Petitioner,

v.                                               Case No. 11-C-413

JAMES SCHWOCHERT,

    Respondent.

## ORDER

On April 29, 2011, Petitioner filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

An application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the

applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847. The doctrine of exhaustion allows state courts the "initial opportunity to pass on and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (internal quotation marks omitted).

Here, the petition indicates that several of the claims have not been exhausted, as they are currently pending in an appeal to the state court. It also appears that the petitioner is quite close to the one-year statute of limitations under AEDPA, as nearly 15 months passed between the state supreme court's denial of his petition for review and the filing of his state post-conviction motion. Given the timing, a stay of this action appears appropriate. *Dolis v. Chambers,* 454 F.3d 721, 725 (7th Cir. 2006). Otherwise, the Petitioner could risk losing his right to file his federal action.

Accordingly, this case is ordered **STAYED**. Petitioner is to notify this Court when all of his claims have been exhausted. If they are not exhausted within six months of today's date, he should file a report with this Court indicating the status of his claims.

**FURTHER, IT IS ORDERED** that petitioner's request for leave to proceed in forma pauperis is **GRANTED**.

Dated this 2nd day of May, 2011. /s William C. Griesbach
William C. Griesbach
United States District Judge